# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GERALD LYNN WADE,

Plaintiff,

v.

D. LILES, et al.,

Defendants.

/

CASE NO. 1:06-CV-00266 AWI LJO P

ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS

(Doc. 1)

I. Screening Order

A. Screening Requirement

Plaintiff Gerald Lynn Wade ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 9, 2006. Plaintiff is seeking money damages against defendants D. Liles, M. Carrasco, C. Schuyler, Ramos, Cowee, and S. Whitlach for allegedly violating his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.[1] The events giving rise to plaintiff's claims allegedly occurred at the California Correctional Institution, where plaintiff was housed at the time.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

[1] Plaintiff is also seeking injunctive relief in the form of an outside inquiry and possible criminal prosecution. However, the court has no jurisdiction to award those forms of relief to plaintiff. 18 U.S.C. § 3626(a)(1)(A); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). Therefore, this action shall be treated as one for damages only.

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B. Plaintiff's Claims

In his complaint, plaintiff alleges he and his cellmate were placed in administrative segregation (ad-seg) on June 3, 2005. On June 6, 2005, an administrative review was conducted by defendant Ramos, and plaintiff was informed he would be seen by the Institutional Classification Committee (ICC) on June 9, 2005. (Comp., 4:3-6.) On June 9, 2005, plaintiff was informed there

was a pending Rules Violation Report (RVR) against him, told by defendant Carrasco that she was not satisfied and intended to investigate the matter further, and retained in ad-seg. On June 10, 2005, defendant Liles changed the title and division of the offense in the RVR, and "signed/initialed the appropriate staff initials." (Comp., 4:16.) The RVR was given to plaintiff on June 15, 2005, and plaintiff's disciplinary hearing was held by defendant Schuyler on July 4, 2005. Plaintiff was found guilty, assessed a credit forfeiture of one-hundred fifty days, and recommended for a nine-month Security Housing Unit term. On July 12, 2005, plaintiff was seen by the ICC, which carried out defendant Schuyler's recommendation.

Plaintiff immediately filed an inmate appeal. On August 10, 2005, defendant Whitlach determined plaintiff's contention that the RVR was tampered with was correct and ordered the RVR reissued and reheard.

On August 18, 2005, plaintiff was seen by the ICC again. Defendant Cowee recommended plaintiff be placed in the SHU. The recommendations was overridden by Chief Deputy Warden Winett, but plaintiff continued to be retained in ad-seg.

On September 1, 2005, defendant Liles delivered the reissued RVR to plaintiff, charging plaintiff with the same title and division offense as the previously adjudicated RVR. Plaintiff submitted a separate misconduct complaint but defendant Whitlach failed to acknowledge or log the complaint.

Plaintiff alleges that he was illegally detained in ad-seg and suffered mental anguish as a result of the possible SHU term assessment.

1. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the

existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff has not alleged any facts supporting a claim that he had a protected liberty interest in remaining free from ad-seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted). Without establishing the existence of a protected liberty interest, plaintiff may not pursue a claim in this action based on denial of procedural due process.

Further, due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Prisoners are not entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. Although plaintiff disagrees with the decision to retain him in ad-seg, plaintiff's allegations indicate he was provided with all the process he was due under federal law regarding his placement in ad-seg. Therefore, even if plaintiff had alleged facts sufficient to establish the existence of a liberty interest in remaining free from ad-seg, plaintiff was not deprived of his liberty interest without due process of law.

Plaintiff's due process claim against defendant Whitlach arises from her failure to review his staff complaint. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance

procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability in this action. Buckley, 997 F.2d at 495. Accordingly, plaintiff's attempt to state a due process claim against defendant Whitlach as a result of her failure to consider his staff complaint is not cognizable under section 1983.

2. Equal Protection

Plaintiff alleges that his right to equal protection was violated. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Plaintiff's complaint is devoid of any facts which support an equal protection claim.

C. Conclusion

The court finds plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is

involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated: October 9, 2006** **/s/ Lawrence J. O'Neill**
b9ed48 UNITED STATES MAGISTRATE JUDGE