# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LYNN WADE,<br><br>           Plaintiff,<br><br>     v.<br><br>D. LILES,<br><br>           Defendant.<br>_____/ | CASE NO. 1:06-cv-00266-AWI-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 8)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.   Findings and Recommendations Following Screening of Amended Complaint

   A.   Screening Requirement

Plaintiff Gerald Lynn Wade ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 9, 2006. On October 10, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Plaintiff filed an amended complaint on November 7, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B. Plaintiff's Claims

Plaintiff is seeking money damages against defendants D. Liles for allegedly violating his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The events giving rise to plaintiff's claims allegedly occurred at the California Correctional Institution, where plaintiff was housed at the time.

Plaintiff alleges that on June 10, 2006, defendant Liles forged and tampered with documents used in a disciplinary hearing, which resulted in the deprivation of plaintiff's liberty interests in rehabilitative and work programs, less restrictive housing and personal property privileges, and credit

earning status. Plaintiff alleges that he was viewed less favorably by the Parole Board and was held in disciplinary segregation longer than required.

### 1. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts supporting a claim that he was deprived of any protected liberty interests. Plaintiff does not have a right to participate in rehabilitative programs, Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985), does not have a right to less restrictive housing and personal property allotment, Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718, and does not have a right to earn credits, Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986). Without establishing the existence of a protected liberty interest, plaintiff may not pursue a claim for relief against defendant Liles for denying him due process.

### 2. Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim . . . for a violation of the Equal Protection Clause . . . a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los

1 Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th
2 Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a
3 plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting
4 Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original). "A
5 plaintiff must allege facts, not simply conclusions, that show that an individual was personally
6 involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

7 Plaintiff's amended complaint is devoid of any facts supporting a claim that defendant Lilesw
8 intentionally discriminated against him.

9     C.    Conclusion

10 Plaintiff's amended complaint fails to state any claims upon which relief may be granted
11 under section 1983. Plaintiff was previously provided with the opportunity to amend but was unable
12 to cure the deficiencies. Accordingly, it is HEREBY RECOMMENDED that this action be
13 dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

14 These Findings and Recommendations will be submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
16 **days** after being served with these Findings and Recommendations, plaintiff may file written
17 objections with the court. The document should be captioned "Objections to Magistrate Judge's
18 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
19 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
20 1153 (9th Cir. 1991).

21
22 IT IS SO ORDERED.
23     Dated:   **April 10, 2007**       **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28