1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  GERALD LYNN WADE,                    1:06-cv-00266-AWI-NEW (DLB) PC

12              Plaintiff,        **ORDER ADOPTING FINDINGS AND
                                  RECOMMENDATIONS** (Doc. 10)
13  vs.
                                  **ORDER DISMISSING ACTION, WITH
14  D. LILES,                     PREJUDICE, FOR FAILURE TO
                                  STATE A CLAIM**
15              Defendant.
                                  **ORDER THAT THIS DISMISSAL
16                                SHALL COUNT AS A STRIKE
                                  PURSUANT TO 28 U.S.C. §
17                                1915(G)**

18  _____/

19      Plaintiff Gerald Lynn Wade ("Plaintiff") is a state prisoner

20  proceeding pro se and in forma pauperis in this civil rights

21  action pursuant to 42 U.S.C. § 1983.  The matter was referred to

22  a United States Magistrate Judge pursuant to 28 U.S.C. §

23  636(b)(1)(B) and Local Rule 72-302.

24      On April 11, 2007, the Magistrate Judge filed a Findings and

25  Recommendations that recommended this action be dismissed for

26  failure to state a claim.   The Findings and Recommendations were

27  served on Plaintiff and contained notice to Plaintiff that any

28  objection to the Findings and Recommendations were to be filed

                                1

1  within thirty days.  On May 4, 2007, Plaintiff filed an Objection
2  to the Findings and Recommendations.

3      In accordance with the provisions of 28 U.S.C. §
4  636(b)(1)(C) and Local Rule 73-305, this court has conducted a de
5  novo review of this case.  Having carefully reviewed the entire
6  file, the court finds the Findings and Recommendations to be
7  supported by the record and by proper analysis.

8      The complaint alleges that Defendant Liles' conduct caused
9  Plaintiff to loose his liberty interest in rehabilitative and
10 work programs, less restrict housing, and maintaining credit
11 earning status.  As explained by the Magistrate Judge, Plaintiff
12 does not have a liberty interest in rehabilitative programs, see
13 Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985), less
14 restrictive housing and personal property allotment, see Sandin
15 v. Conner, 515 U.S. 472, 484 (1995) and Myron v. Terhune, 476
16 F.3d 716, 718 (9th Cir. 2007), or to earn good time credits, see
17 Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

18     The court does note that in the complaint, Plaintiff alleges
19 that: "Plaintiff was also seen by Board of Prison terms in the
20 most unfavorable light by being in Disciplinary Segregation at
21 the time of the hearing."  While Plaintiff has a liberty interest
22 in the receipt of a parole release date, see Sass v. California
23 Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006), the
24 complaint fails to allege that Defendant's conduct caused
25 Plaintiff to be denied parole.  Liability may be imposed on an
26 individual defendant under 42 U.S.C. § 1983 only if the plaintiff
27 can show that the defendant **proximately caused** the deprivation of
28 a federally protected right.  Leer v. Murphy, 844 F.2d 628, 634

2

1  (9ᵗʰ Cir.1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125

2  (9ᵗʰ Cir.1981).   "The inquiry into causation must be

3  individualized and focus on the duties and responsibilities of

4  each individual defendant whose acts or omissions are alleged to

5  have caused a constitutional deprivation." Leer, 844 F.2d at

6  633.   If a plaintiff fails to allege adequate causation, the

7  complaint must be dismissed.   Marsh v. San Diego County, 432

8  F.Supp.2d 1035, 1045 (S.D.Cal.2006).   Here, the complaint only

9  alleges that the Board of Prison terms saw Plaintiff in a "most

10  unfavorable light."   This allegation is insufficient to allege

11  causation.   In addition, to find causation has been sufficiently

12  alleged, the court must presume that: (1) Without Defendant's

13  conduct Plaintiff would not have been found guilty at the

14  hearing; (2) Without having been found guilty, Plaintiff would

15  not have been in disciplinary segregation at the time of the

16  Board of Prison Terms' review; and (3) The Board of Prison Terms

17  would have released Plaintiff had Plaintiff not been in

18  disciplinary segregation.   This chain of logic is simply too

19  speculative to conclude that Defendant's actions deprived

20  Plaintiff of his liberty interest in parole.   If it is

21  speculative that an alleged act caused a longer sentence,

22  causation is not present.   See Mitchell v. Dupnik, 75 F.3d 517,

23  526-27 (9ᵗʰ Cir. 1996).   Thus, Plaintiff's references to the

24  denial of parole in the complaint fails to state a claim.[1]

25       Finally, in the objections, Plaintiff contends that he has

26

27       [1] To the extent Plaintiff is contending that the Board of Prison Terms erred in denying him parole, a challenge to the denial of parole necessarily implicates the validity of the denial of parole and the prisoner's continued confinement, and as such, is not available in a civil rights claim.   McQuillion v. Schwarzenegger, 369

28  F.3d 1091, 1098 -99 (9ᵗʰ Cir. 2004).

3

alleged an equal protection claim because similarly situated
inmates do not have their Rules Violation Reports illegally
upgraded by staff members and there was no rational basis for
Defendant's actions other than her disdain for Plaintiff.  The
court recognizes that an Equal Protection Clause claim may be
established if a plaintiff alleges that similarly situated
individuals were intentionally treated differently without a
rational relationship to a legitimate state purpose.  <u>See</u>
<u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>Squaw</u>
<u>Valley Development Co. v. Goldberg</u>, 375 F.3d 936, 944 (9th
Cir.2004); <u>SeaRiver Mar. Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d
662, 679 (9th Cir. 2002).  However, in the complaint, Plaintiff
only cites to the Fifth and Fourteenth Amendments but does not
make the allegations about being treated differently contained in
the objections.  A new theory cannot properly be raised in
objections to Findings and Recommendations.  <u>Greenhow v.</u>
<u>Secretary of HHS</u>, 863 F.2d 633, 638-39 (9th Cir. 1988),
<i>overruled on other grounds by</i> <u>United States v. Hardesty</u>, 977 F.2d
1347 (9th Cir.1992).  Factual assertions that could have been but
were not presented to the Magistrate Judge should be given no
consideration when the court is deciding whether to adopt
Findings and Recommendations  <u>Sundaram v. County of Santa</u>
<u>Barbara</u>, 2001 WL 540515, *1 (C.D.Cal. 2001); <u>Beam System, Inc. v.</u>
<u>Checkpoint Systems, Inc.</u>, 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).
"[A]llowing parties to litigate fully their case before the
magistrate and, if unsuccessful, to change their strategy and
present a different theory to the district court would frustrate
the purpose of the Magistrates Act." <u>Greenhow</u>, 863 F.2d at 638.

4

1 Thus, the court cannot consider allegations made only in
2 objections to determine if a complaint states a claim.

3    The court is mindful that the court must give a pro se
4 prisoner plaintiff notice of a complaint's pleading deficiencies
5 and an opportunity to amend prior to dismissing a civil rights
6 action.  See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000);
7 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).   Here,
8 the court is dealing with an amended complaint, and the
9 Magistrate Judge already dismissed the complaint and gave notice
10 of the complaint's pleading deficiencies, including the
11 requirements for an equal protection claim.   Thus, the court
12 finds dismissal of this action is appropriate without allowing
13 further leave to amend. Plaintiff is either unable or unwilling
14 to file a complaint that states a claim.

15    Accordingly, IT IS HEREBY ORDERED that:

16    1.   The Findings and Recommendations, filed April 11, 2007,
17         is ADOPTED IN FULL;

18    2.   This action is DISMISSED, with prejudice, for failure
19         to state a claim upon which relief may be granted; and

20    3.   This dismissal shall count as a strike pursuant to 28
21         U.S.C. § 1915(g).

22

23 IT IS SO ORDERED.

24 Dated:   August 28, 2007          _____/s/ Anthony W. Ishii_____
25                                   UNITED STATES DISTRICT JUDGE

26

27

28